**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LEDRA ANDRE CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-784 RLW |
| | ) |
| POLICE OFFICER DAN PLUMB, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the amended complaint filed by self-represented plaintiff Ledra Andre Craig, a pretrial detainee currently housed at Randolph County Jail in Chester, Illinois. ECF No. 6. For the reasons discussed below, the Court will dismiss plaintiff's *Miranda* warning claim against defendant Officer Plumb for failure to state a claim upon which relief can be granted. The Court will stay the remainder of plaintiff's claims against defendant Officers Plumb and Clark until final disposition of his criminal action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On July 25, 2022, self-represented plaintiff Ledra Andre Craig filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff named six defendants: (1) Police Officer Dan Plumb; (2) Police Officer Nickalous Bruno; (3) Bellfountain [sic] Police Department; (4) Wentzville County Jail; (5) the United States of America, Federal Government; and (6) St. Louis County. Plaintiff indicated he was suing Officers Plumb and Bruno in their official and individual capacities.

2

Plaintiff alleged that on August 2, 2020, Officer Plumb directed booking officers at Wentzville County Jail to deny him the ability to contact an attorney and have counsel present during his interrogation. Plaintiff further asserted Officer Bruno "was involved in leaving the scene of a[n] accident" and "was illegally in possession of a narcotic substance named Fentanyl." *Id.* at 5. Plaintiff claimed Officer Bruno used Fentanyl with a non-party individual who subsequently overdosed and died. Plaintiff alleged he was "charged and wrongfully arrested for a crime sole[l]y committed by Police Officer [] Bruno." *Id.* Plaintiff did not include any specific fact allegations against defendants Bellfountain Police Department, the United States of America, or St. Louis County.

Under the injuries section of the complaint, plaintiff asserted he was denied his due process and *Miranda* rights, subjected to cruel and unusual punishment, deprived of his "right to not be battered under color of state law," and was wrongfully arrested and incarcerated. For relief, plaintiff sought $10,000,000 and for "all charges to be dismissed." *Id.* at 6.

On August 11, 2022, the Court reviewed plaintiff's complaint pursuant to § 1915 and determined it was subject to dismissal for several reasons. ECF No. 4. First, the Court explained that plaintiff's claims against the United States of America were barred by the doctrine of sovereign immunity. Second, plaintiff's claims against the Bellfountain Police Department and Wentzville County Jail were legally frivolous because jails and local government detention centers are not suable entities in § 1983 actions. Third, the complaint did not provide any facts indicating how Officer Bruno was personally involved in or directly responsible for the alleged violations of plaintiff's constitutional rights. Fourth, plaintiff improperly presented a case involving unrelated claims against unrelated defendants. Fifth, a request for the dismissal of criminal charges is not appropriate relief in an action brought pursuant to § 1983. Finally, plaintiff's official capacity

3

claims failed because the complaint did not include factual allegations that a policy or custom was responsible for the alleged violations. In consideration of plaintiff's self-represented status, the Court directed him to submit an amended complaint to cure his pleading deficiencies.

**Amended Complaint**

On August 31, 2022, plaintiff filed his amended complaint. ECF No. 6. Plaintiff names two defendants in their individual capacities only: Police Officer Dan Plumb and Booking Officer Destiny Clark. Plaintiff indicates Officer Plumb is employed by the St. Peters, Missouri Police Department and Officer Clark is employed by the Wentzville, Missouri Police Department.

Plaintiff asserts he was arrested on August 2, 2020, and taken to the Wentzville County Jail "for investigation and to be interrogated" about "a [B]ellfountain [sic] Neighbors Police Officer who overdosed from sniffing a narcotic substance name[d] Fentanyl, along with another male subject who passed away from th[ei]r drug use." *Id.* at 3. Plaintiff claims his constitutional rights were violated because he was not read his *Miranda* rights by Officer Plumb prior to the interrogation. Plaintiff also states he was placed in Officer Plumb's "personal vehic[]le" where he was subject to "out of custody interrogation" and Officer Plumb "made threats of killing [him] if [he] didn't admit[] to a crime upon our arrival back at the Wentzville County Jail." *Id.*

Plaintiff further asserts he asked Officer Plumb and Officer Clark for access to a telephone so he could "have an attorney present during interrogation," *id.* at 4, and "call a lawyer and family." *Id.* at 5. Plaintiff alleges Officer Plumb "restrict[ed] [him] from using the phone for the entire 3-days that [he] was held in Wentzville County Jail waiting for a[n] indictment to be issued[.]" *Id.* at 4. Plaintiff claims Officer Clark repeatedly told him "she could not at any time allow [him] to use the phone because [] Officer Dan Plumb instructed her and the entire booking staff to restrict [him] from making any phone calls[.]" *Id.* at 5. Plaintiff states Officer Clark told him "that she

4

kn[e]w[] [his] rights [were] being violated, but because [] Dan Plumb's rank is much higher th[a]n hers, [] she had to follow his command." *Id.* at 5.

In addition to the above factual allegations, plaintiff lists ten counts against defendant Plumb, as follows:

    Count 1 – Violation of due process under color of state law
    Count 2 – Deprivation of liberty under color of state law
    Count 3 – 42 U.S.C. cruel and unusual punishment
    Count 4 – Intentional infliction of emotional and mental distress
    Count 5 – 42 U.S.C. deprivation of right to not be battered under color of state law
    Count 6 – 42 U.S.C. deprivation of equal rights under color of state law
    Count 7 – 14th Amendment to due process and to be kept free from coercive statements has been violated
    Count 8 – 5th Amendment *Miranda* violation
    Count 9 – Violation of protected constitutional rights, privileges, immunities, and liberty
    Count 10 – Conspiracy to violate 5th Amendment right to have counsel present after arrest and incar[c]eration and to have counsel present during interrogation

ECF No. 6 at 4.

Plaintiff also lists nine counts against defendant Clark, as follows:

    Count 1 – Violation of my 5th Amendment right to have counsel present after arrest and incarceration
    Count 2 – Violation of my right to due process
    Count 3 – Violation of protected constitutional rights, privileges, immunities, and liberty
    Count 4 – Violation of due process under color of state law
    Count 5 – 42 U.S.C. cruel and unusual punishment
    Count 6 – 42 U.S.C. deprivation of equal rights under color of state law
    Count 7 – Intentional infliction of emotional and mental distress
    Count 8 – Deprivation of right not to be battered under color of state law
    Count 9 – Conspiracy to violate 5th Amendment right to have counsel present after arrest and incar[c]eration and to have counsel present during interrogation.

*Id.* at 5-6. Plaintiff offers no additional facts to support the Counts against either defendant, or indicate which of his factual allegations support the counts listed against each defendant.

Attached to the amended complaint are two pages from the transcript of an evidentiary hearing held on December 8, 2021 in plaintiff's related federal criminal case, *United States v. Craig*, No. 4:20-CR-403-HEA (E.D. Mo.). ECF No. 6 at 12-13. In the partial transcript, Officer Plumb testified that he directed Wentzville Jail employees to prohibit plaintiff from making phone calls. *Id.* at 12. Officer Plumb stated it was for "officer safety" because law enforcement was preparing to execute a search warrant of plaintiff's home and he wanted to prevent an ambush or destruction of evidence. *Id.* at 12-13. Officer Plumb further testified, "If at any point Mr. Craig had said, 'I want to talk to an attorney,' Mr. Craig would have been allowed to talk to an attorney – and so much so that I would have provided him with the phone to make a call to an attorney." *Id.* at 13.

Plaintiff seeks compensatory damages in the total amount of $800,000, unspecified injunctive relief, and punitive damages. *Id.* at 7.

## Discussion

Having carefully reviewed and liberally construed the complaint, for the reasons discussed below the Court will dismiss plaintiff's *Miranda* warning claim against defendant Officer Plumb in his individual capacity for failure to state a claim upon which relief can be granted. The Court will stay the remainder of plaintiff's claims against defendant Officers Plumb and Clark until final disposition of plaintiff's related federal criminal case.

### A. *Miranda* Rights Claim against Defendant Officer Plumb

Pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), "certain warnings must be given before a suspect's statement made during custodial interrogation [can] be admitted into evidence." *Dickerson v. United States*, 530 U.S. 428, 431-32 (2000). The *Miranda* rule is a prophylactic measure that is employed to protect against the violation of the Self-Incrimination Clause. *See*

*United States v. Patane*, 542 U.S. 630, 636 (2004) (plurality opinion). The rule's purpose is to prevent "the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

"Rules designed to safeguard a constitutional right, however, do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person." *Id*. As such, law enforcement's failure to read the *Miranda* warnings to a suspect does not violate the suspect's constitutional rights and cannot be grounds for a 42 U.S.C. § 1983 action. *Id*. *See also Vega v. Tekoh*, 142 S. Ct. 2095, 2106-07 (2022) (a *Miranda* violation does not constitute the deprivation of a right secured by the Constitution that is enforceable under § 1983); *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (agreeing "with the district court that a litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards"); *Brock v. Logan County Sheriff's Dept. of Arkansas*, 3 F.3d 1215, 1217 (8th Cir. 1993) ("The remedy for the alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action"); *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir. 1989) (explaining "[t]he reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself," and that "the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action"); *Noah v. Saint Louis County*, 2007 WL 1726538, at *1 (E.D. Mo. June 14, 2007) ("The Eighth Circuit has repeatedly held that a section 1983 action is not a remedy for an alleged *Miranda* violation.").

Because 42 U.S.C. § 1983 does not provide a cause of action for a violation of plaintiff's *Miranda* rights, the Court will dismiss this claim against defendant Plumb.

### B. Access to Attorney Claims against Defendant Officers Plumb and Clark

In his statement of facts, plaintiff alleges he repeatedly requested but was denied the ability to have legal counsel present during his interrogation. Plaintiff has sufficiently stated a claim against defendant Officers Plumb and Clark for denial of access to an attorney. This claim, however, will be stayed pending final disposition of the underlying criminal action.

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the related criminal case has ended. 549 U.S. 384, 393-94 (2007). The issue in *Wallace* was the timeliness of a § 1983 suit seeking damages for an arrest that allegedly violated the Fourth Amendment. *Id*. at 386. In answering that question, the Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id*. at 388. The Court explained that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id*. at 393 (internal citations omitted).

Plaintiff alleges the defendants violated his constitutional rights by arresting and interrogating him without allowing him access to an attorney. In the federal criminal case, *United States v. Craig*, No. 4:20-CR-403-HEA, defendant Craig recently obtained new counsel and on September 13, 2022 filed a motion for a ninety (90) day continuance of his trial setting and a

waiver of his speedy trial rights. No. 4:20-CR-403 HEA, ECF No. 147. The Court granted the motion to continue and reset the trial to January 17, 2023. *Id.,* ECF Nos. 148, 149.

Plaintiff's § 1983 action is based on some of the same facts and circumstances that give rise to issues present in *United States v. Craig*. As evidenced by the partial evidentiary hearing transcript attached to plaintiff's complaint, the issue of whether plaintiff was improperly denied access to an attorney is being litigated in plaintiff's criminal case. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims relating to denial of access to an attorney should be stayed until the underlying criminal case against plaintiff has been finally resolved. In addition, a stay until the criminal case is resolved is appropriate because a prisoner may not recover damages in a § 1983 case where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a writ of habeas corpus. *See  Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Therefore, plaintiff's claims relating to denial of access to an attorney will be stayed pending final disposition of plaintiff's federal criminal charges in *United States v. Craig*, No. 4:20-CR-403-HEA.

### C. Remaining Claims against Defendant Officers Plumb and Clark

As stated above, plaintiff's amended complaint asserts ten counts against Officer Plumb and nine counts against Officer Clark. Other than the *Miranda* and right to counsel claims, plaintiff does not provide any factual support for his conclusory assertions that these defendants violated his due process rights, unconstitutionally deprived him of his liberty or equal rights, or were involved in conduct rising to the level of cruel and unusual punishment. Plaintiff also includes a

state law claim of intentional infliction of emotional distress against both defendants but does not specify what conduct caused the alleged distress or how it resulted in bodily harm.

In short, the lists of counts against the defendants are legal conclusions devoid of any factual enhancement. Such legal conclusions are insufficient to state a claim. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"); *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Stone*, 364 F.3d at 914-15) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

Despite plaintiff's pleading deficiencies, the Court will stay these claims, along with the access to an attorney claims. If plaintiff chooses to file a motion to reopen this matter after the final disposition of his criminal charges, the Court will direct him to file a second amended complaint and provide him the opportunity to support his claims with factual allegations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's *Miranda* warning claim against defendant Officer Plumb in his individual capacity is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the remainder of plaintiff's claims against defendant Officers Dan Plumb and Destiny Clark are **STAYED** pending final disposition of the related federal criminal case against plaintiff, *United States v. Craig*, Case No. 4:20-CR-403-HEA (E.D. Mo.), including all direct appeals.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal case against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after final disposition of *United States v. Craig*, Case No. 4:20-CR-403-HEA (E.D. Mo.), including all direct appeals.

**IT IS FURTHER ORDERED** that plaintiff's second motion for appointment of counsel [ECF No. 7] is **DENIED** at this time.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of October, 2022.